IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:20-cr-00505-IM-3 |
| v. | **OPINION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |
| **TYLER TIMOTHY WHITZEL**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, and Gregory R. Nyhus, Assistant United States Attorney, U.S. Attorney's Office, 1000 SW Third Ave., Suite 600, Portland, OR 97204. Attorneys for the Government.

Tyler Timothy Whitzel, USM #82208-065, FCI Sheridan, P.O. Box 5000, 27072 Ballston Rd. Sheridan, OR 97378. Pro se.

**IMMERGUT, District Judge.**

Before this Court is Defendant Tyler Timothy Whitzel's Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Defendant's Motion to Reduce Sentence ("Mot."), ECF 236. Defendant argues that COVID-19-related conditions at Federal Correctional Institution Sheridan ("FCI Sheridan") are "extraordinary and compelling circumstances" that require a reduction in his sentence. *Id.* The Government opposes the Motion. Response to Defendant's Motion to

PAGE 1 – OPINION AND ORDER

Reduce Sentence ("USA Resp."), ECF 239. It argues that Defendant's motion does not provide individualized reasons for a reduction. *Id.* at 3–7. It also argues that a sentence reduction would be inconsistent with the sentencing factors under 18 U.S.C. § 3553(a). *Id.* at 7–9. This Court agrees with the Government and DENIES Defendant's Motion to Reduce Sentence, ECF 236.

## BACKGROUND

In January 2023, Defendant pled guilty to one count of Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances, to Use a Communication Facility and to Maintain Drug-Involved Premises in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(B)(vi), 843(b), 856(a), and 846. Plea Agreement, ECF 184 ¶ 2; Mins. of Proceedings, ECF 186. On June 1, 2023, this Court sentenced Defendant to 120 months of imprisonment, followed by five years of supervised release. Judgment & Commitment, ECF 221. On September 5, 2023, Defendant moved to reduce his sentence. Mot., ECF 236. Defendant is currently incarcerated at FCI Sheridan, with a projected release date of November 21, 2029. USA Resp., ECF 239 at 2.

## DISCUSSION

This Court must construe Defendant's pro se motion liberally. *See United States v. Qazi*, 975 F.3d 989, 992–93 (9th Cir. 2020). To receive compassionate release, Defendant must show (1) that he has fully exhausted all administrative remedies; (2) that he has extraordinary and compelling circumstances; and (3) that his release is consistent with the sentencing factors under 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). The Government assumes that Defendant has exhausted his administrative remedies but argues that he fails to satisfy the remaining elements. USA Resp., ECF 239 at 3. Because Defendant is unable to meet his burden, this Court DENIES Defendant's Motion to Reduce Sentence. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it *grants*

PAGE 2 – OPINION AND ORDER

compassionate release, a district court that properly *denies* compassionate release need not evaluate each step.").

### A. Extraordinary and Compelling Circumstances

Defendant argues that "due to the particularly arduous and punitive conditions that he has had to suffer through while be[ing] incarcerated during the COVID-19 pandemic," his confinement itself presents extraordinary and compelling circumstances. Mot., ECF 236 at 1. In particular, Defendant points to lack of visitation, increased time spent in cells, lack of educational classes and treatment programs, and staff shortages. *Id.* at 2. He also argues that "due to his underlying medical conditions, he is considered a 'high risk' patient" for COVID-19, and that FCI Sheridan would be unable to provide him proper medical treatment if he contracted COVID-19 again. *Id.* at 4. Defendant's allegations do not constitute extraordinary and compelling circumstances.

To show extraordinary and compelling circumstances, Defendant must present information about his individual health, family situation, rehabilitation, or danger to the community. *Cf.* U.S. Sent'g Guidelines Manual § 1B1.13 cmt. nn.1, 3–4 (U.S. Sent'g Comm'n 2021). Generalized issues with a sentence—that is, complaints any inmate could have about prison conditions—do not rise to the level of "extraordinary and compelling circumstances." *See United States v. Navarrette-Aguilar*, No. 3:12-cr-00373-HZ-1, 2022 U.S. Dist. LEXIS 123853, at *2–3 (D. Or. July 8, 2022). Furthermore, motions criticizing prison conditions during the COVID-19 pandemic are not specific and individualized enough to satisfy the extraordinary and compelling circumstances test. *See, e.g.*, *United States v. Hernandez*, No. 5:13-cr-00200, 2022 WL 910091, at *6 (E.D. Pa. Mar. 29, 2022); *United States v. Nawaz*, No. 16 Cr. 431(AT), 2021 WL 664128, at *2 (S.D.N.Y. Feb. 19, 2021); *United States v. Lischewski*, No. 18-cr-00203-EMC-1, 2020 WL 6562311, at *2 (N.D. Cal. Nov. 9, 2020).

PAGE 3 – OPINION AND ORDER

Defendant has not presented any information specific to his own circumstances. Any person incarcerated at FCI Sheridan could say what Defendant has said about the conditions there—indeed, many have through similarly worded motions. Further, Defendant's medical records show that he twice refused vaccinations for COVID-19. USA Resp., Attach. A, ECF 239-1. This weighs against finding extraordinary and compelling circumstances based on Defendant's individual vulnerability to COVID-19. *See United States v. Rennie*, Case No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) ("A prisoner who can show that he is unable to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021))). Accordingly, this Court holds that Defendant has not presented extraordinary and compelling circumstances to justify compassionate release.

**B.  The Sentencing Factors**

Defendant argues that "full consideration" of the § 3553(a) factors demonstrates that a reduction in his sentence is warranted. Mot., ECF 236 at 4. This Court disagrees. When it sentenced Defendant in June 2023, the Court took full account of Defendant's presentence report, both sides' representations, and the sentencing guidelines. And because Defendant was sentenced after 2020, the Court sentenced Defendant with full awareness of the conditions at FCI Sheridan. This Court gave full consideration of the § 3553(a) factors at the time of sentencing.

Defendant also argues that post-offense developments, including his efforts toward rehabilitation during his incarceration, require a reduction in his sentence. Mot., ECF 236 at 4. He states that these developments "provide 'the most up-to-date picture' of [his] history and

characteristics" and "shed[] light on the likelihood that [he] will engage in future criminal conduct." Mot., ECF 236 at 4. The Government responds that Defendant's criminal history requires denial of Defendant's motion. USA Resp., ECF 239 at 8. Defendant has convictions for both misdemeanor and felony theft, possession of marijuana, possession of methamphetamine, unauthorized use of a vehicle, delivery of methamphetamine, and receiving stolen property. Revised Presentence Investigation Report ("Revised PSR"), ECF 200 ¶¶ 57–68. He also has convictions for multiple violent crimes, including robbery, assault, and assault constituting domestic violence. Revised PSR, ECF 200 ¶¶ 62–63. Defendant has also committed repeated probation violations—after a 2005 theft conviction, after a 2008 theft conviction, after a 2009 robbery and assault conviction, and after a 2017 drug possession conviction. Revised PSR, ECF 200 ¶¶ 57–58, 61–62, 66. The Government claims that a reduction in sentence despite these facts would upset the § 3553(a) sentencing factors.

This Court agrees with the Government. Even considering post-offense developments, the sentence ordered by this Court was necessary to reflect the seriousness of this offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to future criminal conduct. Accordingly, any change to Defendant's sentence would be inconsistent with the sentencing guidelines.

## CONCLUSION

Defendant has not given any individualized reasons to reduce his sentence. And Defendant has not demonstrated how a reduction in his sentence would satisfy the sentencing guidelines. Accordingly, this Court DENIES Defendant's Motion to Reduce Sentence, ECF 236.

**IT IS SO ORDERED.**

DATED this 5th day of October, 2023.

/s/ Karin J. Immergut  
Karin J. Immergut  
United States District Judge